(No. 5581.   July 25, 1930.)

J. B. ELDRIDGE et al., Respondents, v. FRANK DICK-
    ERSON, FRED O. BURRIS, M. E. WEBSTER, ED.
    STRAUS and SAVILLA FROST, Appellants.

[290 Pac. 723.]

T. A. Walters and Walter Griffiths, for Appellants.

Thos. E. Buckner, Scatterday & Stone and Charles F. Reddoch, for Respondents.

McNAUGHTON, J.— ▮ Here we have a motion to dismiss an appeal and for diminution of the record. The appeal is from an order in a proceeding instituted by a receiver after judgment. The proceeding is by the receiver appointed in the main action to require an assessment by the Payette-Boise Water Users' Association to secure funds with which he may discharge the final judgment. The order was granted. In appealing from that order notice of appeal was not served upon the creditors who were parties to the former proceeding and who are parties to the judgment. The motion to dismiss the appeal is based upon C. S., sec. 7153, which provides in part as follows: "An appeal is taken by . . . . serving a similar notice upon the adverse party or his attorney."

By adverse party is meant any party who would be prejudicially affected by a reversal of the judgment or order; a party who has an interest in conflict with a reversal of the judgment or order. (*Nelson Bennett Co. v. Twin Falls Light & Water Co.*, 13 Ida. 767, 13 Ann. Cas. 172, 92 Pac. 980.)

The whole question involved is whether or not the creditors, who admittedly were necessary parties to the original proceedings which terminated in a final judgment, could be affected in their rights by this proceeding. They are parties to the judgment. They have rights in the judgment. They have never been brought into this proceeding. They

have never submitted to the jurisdiction of the court in this proceeding. The lien or amount of the judgment in the main action, we think, is not and could not be in anywise involved or jeopardized in this proceeding. The bare fact that they might be aided by an affirmance is not controlling.

The question upon which the matter turns is: Does the proceeding jeopardize the judgment creditors' rights in and to the judgment? We think this proceeding in no way involves the legality or legal effect of the final judgment, nor any property under lien of the judgment. Therefore, in contemplation of law, these parties are not subjected to being adversely affected in their rights by the outcome of this appeal. We think in this regard the cases relied upon by movents are clearly distinguishable. This proceeding is not an attack upon the judgment nor any property rights claimed as subject to the judgment.

It follows, the motion to dismiss should be and is denied.

The motion for amendment in diminution of the record is granted.

Givens, C. J., and Budge and Lee, JJ., concur.

Petition for rehearing denied.